IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:15-CR-4-FL-1
No. 4:17-CV-39-FL

| | |
|---|---|
| TONYA MARIE BATTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255, as corrected and amended. (DE 51, 57). Also before the court is the government's motion to dismiss. (DE 64). The issues raised are ripe for ruling.[1] For the reasons that follow, the court dismisses petitioner's first, third, fourth, and fifth claims for relief and refers the remaining claim to magistrate judge for evidentiary hearing.

**BACKGROUND**

On August 13, 2015, pursuant to a written plea agreement, petitioner pleaded guilty to conspiracy to defraud the United States on claims, in violation of 18 U.S.C. § 286 (count 1), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (count 35). As part of her plea agreement, petitioner agreed to waive the right to challenge her conviction or sentence on collateral review with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct not known at the time of petitioner's guilty plea. (Plea Agreement (DE 22) at 1-2). At sentencing

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

on February 17, 2016, the government requested a 25 percent reduction from the advisory guideline range as to count 1, requesting a sentence of 42 months on count 1 and 24 months on count 35, to be served consecutively. (Sentencing (DE 49) at 17). The court stated it was "going to honor the Government's motion to depart downward," but sentenced petitioner to a total of 90 months imprisonment.[2] (Id. at 19-20). Petitioner did not appeal her judgment.

On March 20, 2017, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, 1) challenging the constitutionality of her enhanced sentence based on the amount of money stolen. On May 23, 2017, petitioner filed her corrected motion to vacate, arguing ineffective assistance of counsel in that her counsel 2) failed to file a timely notice of appeal and falsely represented to petitioner and her family that such an appeal had been filed; 3) failed to object to ambiguity in petitioner's sentence; 4) failed to object to the amount of money calculated as having been lost as a result of petitioner's offense and failed to investigate the actual amount lost; and 5) failed to question how the court calculated the terms of supervised release. On July 3, 2017, the government filed its motion to dismiss petitioner's § 2255 motion, arguing 1) petitioner's motion should be dismissed for being untimely or 2) petitioner's first, third, fourth, and fifth claims should be dismissed for failure to state a claim upon which relief can be granted.[3]

## COURT'S DISCUSSION

A.Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was

---

[2] Petitioner was sentenced to 66 months on count 1 and 24 months on count 35, to be served consecutively.

[3] The government concedes that "[i]f the court were to find Petitioner's motion timely, [the government] agrees that Petitioner has stated a claim for relief" regarding allegations "that counsel failed to file a requested appeal," and requests "the Court to schedule an evidentiary hearing" on this claim. (DE 65 at 5).

2

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b). "An evidentiary hearing in open court is required when a movant presents a colorable . . . claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue." United States v. Ray, 547 Fed. Appx. 343, 345 (4th Cir. 2013) (citing United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir.2000)).

B.  Analysis

   1.  Timeliness of Claims

A one-year period of limitations applies to § 2255 motions. See 28 U.S.C. § 2255(f). The limitation period shall be measured from the latest of:

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, petitioner's judgment was entered on February 17, 2016. (See Judgment (DE 35)). Judgment became final after the time period for appeal expired on March 1, 2016 and the limitation

3

period expired one year later, on February 28, 2017. See Fed. R. App. P. 4(b)(1)(A) (providing that a defendant must file a notice of appeal within 14 days after the entry of judgment); Fed R. App. P. 26(a)(1)(B) (providing that the proper calculation of time excludes the day of the event that triggers the period, but includes intermediate weekends, holidays, and the last day of the period if it falls on a business day). Petitioner filed the instant § 2255 motion on March 13, 2017, at the earliest.[4] (See DE 51).

Petitioner's motion is untimely. However, petitioner has alleged sufficient facts to permit an inference that she is entitled to equitable tolling. In order to prevail on an equitable tolling theory, a petitioner must demonstrate: 1) she has been pursuing her rights diligently, and 2) some extraordinary circumstance stood in her way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond her control or external to her own conduct, (c) that prevented her from making a timely filing).

Petitioner alleges that her family provided counsel $6,000.00 and received word from counsel that an appeal had been filed in her case on approximately March 24, 2016. (DE 68 at 1). At this time, petitioner had self-surrendered to Lexington, Kentucky and was notified of the alleged filing of the appeal. (Id. at 2). Following petitioner's family's repeated attempts to contact counsel over the ensuing weeks, counsel informed petitioner's sister that an additional $3,500.00 was needed. (Id.). In April 2016, counsel informed petitioner's parents that petitioner's appeal had been denied. (Id.). According to petitioner, "[i]t was after this chain of events" that petitioner sought to

---

[4] A pleading submitted by a prisoner acting pro se is deemed filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). In this case, petitioner's § 2255 motion is dated March 13, 2017. See Mot. Vacate (DE 51) at 3.

4

file a § 2255 motion under the mistaken impression she was doing so following the denial of a direct appeal that occurred April 2016. (Id.).

Although the government argues that petitioner has not alleged facts sufficient to show, pursuant to Holland, that petitioner was reasonably diligent in her efforts to timely file her § 2255 motion or that extraordinary circumstances beyond her control made it impossible for her to file on time, the court disagrees. Petitioner has alleged facts supporting equitable tolling here, where petitioner's counsel, after repeated contact attempts, allegedly lied to petitioner that her appeal had both been filed and allegedly lied to petitioner that the appeal had been denied. See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (stating that in Holland, "petitioner was the victim of extraordinary negligence by his attorney, who not only failed to file his federal habeas petition in a timely fashion, but also failed to communicate with petitioner, failed to inform him that the Florida Supreme Court had decided his case, and ignored his many letters repeatedly emphasizing the importance of preserving his claims for federal review"); see also United States v. Terrell, 405 F. App'x 731, 732 (4th Cir. 2010) (remanding § 2255 order to consider decision to not toll petitioner's statute of limitation where the record was unclear if both prongs of Holland had been met regarding attorney's alleged refusal to file appeal).

Therefore, petitioner has raised a genuine issue of fact regarding application of equitable tolling. Accordingly, the court turns to the merits of petitioner's claims.[5]

2.  Motion to Vacate

As stated above, petitioner challenges the constitutionality of her enhanced sentence and

---

[5] In light of the merits analysis below, the magistrate judge may determine upon evidentiary hearing that 1) the record does or does not support an application of equitable tolling or 2) petitioner's sole remaining claim is or is not without merit.

5

alleges multiple grounds to support her ineffective assistance of counsel claim.

      a.      Constitutional Challenge

Petitioner's constitutional challenge is barred by the waiver in her plea agreement. (Plea Agreement (DE 22) at 1-2). As part of her plea agreement, petitioner agreed to waive the right to challenge her conviction or sentence in any post-conviction matter, subject to exceptions not applicable here. (Id.). At arraignment, petitioner, under oath, stated she had read the plea agreement, gone over it with counsel, agreed it accurately reflected her agreement with the government, and stated she understood she "waive[d] all right to contest . . . [her] sentence in a post conviction proceeding except upon grounds of ineffective assistance of counsel or prosecutorial misconduct." (Arraignment (DE 50) at 20-32). Petitioner does not assert she waived her rights unknowingly or involuntarily, and upon examination of the record, the court finds that petitioner sworn statement during arraignment establish her plea agreement were knowing and voluntary and therefore bar her constitutional claim. See United States v. Lemaster, 403 F.3d 216, 221 (4th. Cir.) ("a defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.").

      b.      Ineffective Assistance of Counsel

Analysis of an ineffective assistance of counsel claim requires application of the two-part test established by Strickland v. Washington, 466 U.S. 668, 690-94 (1984). First, the petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-691. Second, the petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different.

Id. at 694.

Only petitioner's claim alleging counsel failed to file a requested appeal meets the above standard. "[W]here [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000)). Further, "[o]nce [a defendant] unequivocally instructed his attorney to file a timely notice of appeal, his attorney was under an obligation to do so," and if not such appeal was filed, "his attorney acted in a professionally unreasonable manner." Id.

Accordingly, "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. The nature of the hearing is "a simple evidentiary hearing" "to determine whether [the defendant] unequivocally instructed his attorney to file a notice of appeal." Id. at 272-73. "If his attorney was so instructed, [the defendant] is to be allowed a direct appeal." Id. at 273. "If his attorney was not so instructed, the court will have to determine if [defendant] met his burden of showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations." Id.

Therefore, the court will refer the matter to a magistrate judge to conduct the evidentiary hearing and to make findings of fact and proposed conclusions of law regarding the merit of this claim. Because the court has determined that an evidentiary hearing is warranted, the court "must appoint an attorney to represent" petitioner, under 18 U.S.C. § 3006A, at the evidentiary hearing. Rule 8(c) of the Rules Governing § 2255 Proceedings. Accordingly, the court will direct the Federal

7

Public Defender to oversee appointment of counsel for purposes of representing petitioner at the evidentiary hearing. Further, because of the nature of the ineffective assistance of counsel inquiry at this time, petitioner's presence is required at this evidentiary hearing. See Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). Accordingly, once the hearing is scheduled, the government, in consultation with the United States Marshal's Service, will need to take necessary steps to secure the attendance of petitioner at the evidentiary hearing.

Turning to the other grounds alleged by petitioner as to ineffective assistance of counsel, the grounds alleged fail under the Strickland test. First, petitioner argues that counsel failed to object to petitioner's sentence as ambiguous. The court and the government, following the court's proclamation of petitioner's sentence, discussed said sentence. Because the government had proposed a sentence of 66 months overall and not 66 months for count one alone, which the court had determined, the government asked for clarification, with the court responding that it was "thinking in terms of a total of 90 months." (Sentencing (DE 49) at 18). The government replied that it recognized the sentence was up to "the Court's discretion." (Id.). After sentencing, the government further inquired "to make sure it's clear for the Fourth Circuit," stating "Your Honor sentenced the defendant to 66 months on Count 1, which is within the advisory guideline range. However, the Court also granted the Government's motion for downward departure. The Court can obviously do that, I just wanted to make sure that the record was clear that the Court perhaps would have sentenced the defendant at the top of the range," to which the court responded "That's what I'm talking about." (Id. at 24). Given these exchanges, it is not shown that there was a reasonable probability if counsel had objected to the sentence rendered, the result of the proceeding would have been different.

8

Second, petitioner argues counsel failed to object to the amount of money calculated to have been lost as a result of petitioner's offense. Petitioner agreed to the amount of money lost at her arraignment (Arraignment (DE 50) at 30) and as part of her plea agreement (Plea Agreement (DE 22) at 8, ¶ 5(b)). Petitioner's allegation that the amount of lost money attributed to her should have been lower due to the amount received by others involved in the operation does not take into account petitioner's leadership role in this offense. (Presentencing Report (DE 29) at 10, ¶ 56; 4, ¶ 10). As a result, petitioner fails both prongs of Strickland.

Third, petitioner argues counsel failed to move for a clarification of the supervised release terms. Petitioner was sentenced under count one to three years of supervised release and under count two to one year of supervised release, and both sentences were ordered to run concurrently with each other. (Sentencing (DE 49) at 21; Judgment (DE 35) at 3). These terms of supervised release were consistent with the maximum terms of supervised release referenced in the plea agreement. (Plea Agreement (DE 22) at 5-6). Therefore, counsel's performance did not fall below an "objective standard of reasonableness" in not questioning a sentence that was within the range found in petitioner's plea agreement.

## CONCLUSION

Based on the foregoing, the government's motion to dismiss is GRANTED IN PART and DENIED IN PART. (DE 64). Petitioner first, third, fourth, and fifth claims for relief are DISMISSED. (DE 51, 57). Petitioner's second claim for ineffective assistance of counsel in failing to notice appeal shall proceed to evidentiary hearing. The court DIRECTS the clerk to refer the matter to United States Magistrate Judge Robert T. Numbers, II, to schedule and conduct an evidentiary hearing on petitioner's second claim for ineffective assistance of counsel in failing to

notice appeal, in accordance with the foregoing. Thereafter, the magistrate judge shall make findings of fact and conclusions of law in a memorandum and recommendation on the issues of equitable tolling and/or petitioner's remaining ineffective assistance of counsel claim, as set forth herein. The court DIRECTS the Federal Public Defender to oversee appointment of counsel for purposes of representing petitioner at the evidentiary hearing. Where petitioner's presence is required at hearing, once the hearing is scheduled, the government, in consultation with the United States Marshal's Service, is DIRECTED to take necessary steps to secure the attendance of petitioner at the evidentiary hearing.

SO ORDERED, this the 8th day of November, 2017.

LOUISE W. FLANAGAN
United States District Judge