IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CR-4-1FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TONYA MARIE BATTLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's sealed motion requesting judicial recommendation that the Federal Bureau of Prisons ("BOP") place defendant in a residential reentry center ("RRC") or home confinement, (DE 92).[1] The government did not respond to the motion.

On February 17, 2016, the court sentenced defendant to 90 months' imprisonment following her convictions for conspiracy to defraud the United States and aggravated identity theft, in violation of 18 U.S.C. §§ 286 and 1028A. On March 20, 2020, defendant filed the instant motion requesting that the court recommend defendant for placement in an RRC or home confinement. Defendant requests placement in an RRC or home confinement in order to facilitate post-release transition into the community, obtain gainful employment, and assist with childcare responsibilities.

The court declines to issue post-judgment recommendation for RRC placement under the circumstances of this case.[2] The court did not recommend community confinement at sentencing

---

[1] The motion was filed under seal where it contains identifying information about a minor. See Fed. R. Crim. P. 49.1.

[2] The court has authority to issue such recommendation pursuant to 18 U.S.C. § 3621(b)(4). United States v.

despite consideration of all relevant pre-sentencing conduct. And the BOP is better positioned to evaluate whether defendant's post-sentencing conduct and current family circumstances justify placement in community confinement. The court takes no position on whether the BOP should place defendant in community confinement, and this order should not be construed as suggesting the court is opposed to RRC placement.

Defendant's pro se motion, liberally construed, suggests she is seeking compassionate release. Defendant, however, must first request compassionate release from BOP officials and exhaust all administrative appeals before filing motion for compassionate release in this court. See 18 U.S.C. § 3582(c)(1)(A).

Based on the foregoing, the court DENIES defendant's motion for recommendation for residential reentry center or home confinement, (DE 92).

SO ORDERED, this the 9th day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

Ferguson, No. 6:16-CR-707-JMC-8, 2018 WL 5095149, at *2-3 (D.S.C. Oct. 18, 2018) (collecting cases).